UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| V. | ) CAUSE NO. 1:18-cr-00150-WTL-DML ) |
| ANTWAN THOMAS, | ) ) |
| Defendant. | ) ) |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America ("the Government"), by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Matthew J. Lasher, Assistant United States Attorney, and the defendant, Antwan Thomas ("the defendant"), in person and by counsel, Joseph M. Cleary, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Part 1: Guilty Plea and Charge

1. **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to the offense charged in the sole count of the Indictment, Count One, which charges that the defendant committed the offense of Possession of a Firearm by a Prohibited Person, in violation of Title 18, United States Code, Section 922(g)(1).

2. **Potential Maximum Penalties:** The offense is punishable by a maximum sentence of ten (10) years' imprisonment, up to a $250,000 fine, and up to three (3) years' supervised release following any term of imprisonment.

3. **Elements of the Offense:** To sustain the offense to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

    a. The defendant knowingly or intentionally possessed a firearm;

    b. The firearm had been shipped or transported in interstate or foreign commerce; and

    c. At the time of the possession, the defendant had previously been convicted of one or more crimes punishable by imprisonment for a term exceeding one year.

### Part 2: General Provisions

4. **Sentencing Court's Discretion within Statutory Range:** The defendant agrees and understands that: (a) the Court will use its discretion to fashion a sentence within the statutory range set forth above; (b) the Court will consider the factors set forth in Title 18, United States Code, Section 3553(a) in determining the appropriate sentence within the statutory range; (c) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range; (d) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (e) if pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (f) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (f) by pleading "Guilty," the Court may impose the same punishment as if the defendant had pleaded "Not Guilty," had stood trial, and had been convicted by a jury.

5. **Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of his sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any

recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana. The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

7. **No Protection from Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect him in any way from prosecution for any offense committed after the date of this agreement.

8. **Rights under Federal Rule of Criminal Procedure 11(b):** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath during the guilty plea colloquy. The defendant also understands that he has the right: (a) to plead not guilty, or having already so pleaded, the right to persist in that plea; (b) to a jury trial; (c) to be represented by counsel at— and, if necessary, have the court appoint counsel for—trial and every other stage of the

proceedings, including appeal; and (d) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1] and, if found guilty of the charge, the right to appeal the conviction on such charge to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

## Part 3: Sentence of Imprisonment

9. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have not agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

   a. **Government's Recommendation:** The Government has agreed to recommend a sentence at the low end of the guidelines range determined to be applicable by the Court. The Government agrees not to seek an upward departure from the otherwise applicable guidelines range based on the defendant's prior criminal actions.

   b. **Defendant's Recommendation:** The defendant, by counsel, may argue for any legal sentence.

10. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any period of supervised release, and the terms and conditions of the release.

---

[1] 18 U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

11. **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

12. **No Appeal of Supervised Release Term and Conditions**: As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

## Part 4: Monetary Provisions and Forfeiture

13. **Mandatory Special Assessment:** The defendant will pay a total of $100.00 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

14. **Fine:** The Court will determine any fine within its discretion after receiving evidence from and hearing the arguments of the parties.

15. **Restitution:** The Government will not seek restitution based on this offense.

16. **Obligation to Pay Financial Component of Sentence**: If he is unable to pay any financial component of his sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release. The defendant has a continuing obligation to pay the financial component of the sentence. The defendant further agrees that he will provide all requested financial information—including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures—to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court. The defendant authorizes the

Government to obtain credit reports relating to the defendant for use in the collection of any fines and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

17. **Forfeiture:** The defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States. The defendant abandons all right, title, and interest the defendant may have in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity, without further notice or obligation whatsoever owing to the defendant. The defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency: **the Taurus PT111 9-millimeter handgun and the rounds thirteen (13) rounds of 9-millimeter ammunition involved in or used in the offense.** The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case

and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## Part 5: Factual Basis for Guilty Plea

18. The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offense set forth in Paragraph 1, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the evidence, and the Government reserves the right to present additional evidence at the time of sentencing.

   a. On February 18, 2018, at approximately 2:05 am, uniform police officers with the Lawrence Police Department (LPD) went to the Speedway gas station located at 10010 Pendleton Pike, Indianapolis, Indiana—a location within the Southern District of Indiana—in response to reports of suspicious activity between two subjects around a gray car at gas pump. The defendant, Antwan Thomas, acknowledges that he was one of the subjects of those reports.

   b. An LPD officer arrived at the scene shortly after the reports and made contact with two individuals, one of whom was the defendant, while they were standing outside of a gray Honda car parked at a gas pump. One individual was a white male who was standing with his hands partially in the air; the defendant was standing near the white male outside of the passenger side of the gray Honda. The officer ordered both men to place their hands in the air, and the white male complied while the defendant initially kept his hands concealed. The LPD officer again ordered the defendant to "show your hands now," and the defendant responded,

"Who me?" At that time, the LPD officer ordered the defendant at gun point to place his hands in the air; the defendant complied shortly thereafter.

      c. After another officer arrived on scene, the LPD officer approached the defendant to detain him for further investigation. The officer placed the defendant in handcuffs for officer safety, and during a brief struggle the officer observed a black-and-silver handgun partially hanging out of the defendant's right front jacket pocket. The officer removed the firearm and, while doing so, observed a small amount of a marijuana inside of a clear plastic baggie next to the firearm.

      d. The firearm seized from the defendant was later identified as a loaded Taurus PT111 9-millimeter semiautomatic pistol containing thirteen (13) rounds of ammunition. The defendant acknowledges and does not dispute that the Taurus PT111 handgun had not been manufactured in the State of Indiana and had therefore been transported or shipped in interstate or foreign commerce.

      e. The defendant also acknowledges that, prior to possessing the PT111 handgun, he had been convicted of Dealing in Marijuana (a Class D felony) in Marion County (Indiana) case number 49G14-1201-FD-006990, for which he was sentenced on or about February 13, 2012, and of Theft / Receiving Stolen Property (a Class D felony) in Monroe County (Indiana) case number 53C05-1001-FD-00069, for which he was sentenced on or about September 2, 2010. Both of those convictions were for crimes punishable by more than one year of imprisonment.

### Part 6: Other Conditions

19. **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the

background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

20. **Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case, if he is released at any time. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

21. **Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

### Part 7: Sentencing Guideline Stipulations

22. **Guideline Computations:** The parties agree both that no stipulations regarding the Offense Level or Criminal History Category applicable to this case have been reached and also that the Court will determine the advisory sentencing guidelines range applicable in this case.

23. **Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Based upon his willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, and his agreement to cooperate in and not to contest the forfeiture of the property described above, the Government agrees that the defendant should receive a two (2) level reduction in his offense level, *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant also timely notified the Government of his intention to enter a plea of guilty, thereby permitting the

Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

### Part 8: Waiver of Right to Appeal

24. **Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives his right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742. The defendant further expressly waives any and all challenges to the statute or statutes to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute or statutes. The defendant further agrees that in the event the Court sentences him to a term of imprisonment within or below the applicable guidelines range, regardless of the defendant's criminal history category or how the sentence is calculated by the Court, then the defendant expressly waives his right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

25. **Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was

determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, the Government may claim that this waiver bars such an appeal. As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

26. **No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 9: Presentence Investigation Report

27. The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

28. The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

### Part 10: Statement of the Defendant

29. By signing this document, the defendant acknowledges the following:

    a. I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment in open Court, and all further proceedings including my arraignment.

    b. I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and I believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled, and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

    c. I have read the entire Petition to Enter Plea of Guilty and Plea Agreement and discussed it with my attorney. I understand all the terms of in it, and those terms correctly reflect the results of plea negotiations.

    d. Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the

expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any mitigating information.

   e. I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me, and I fully understand the proceedings in this case against me.

   f. I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case. I am pleading guilty as set forth in this Petition to Enter Plea of Guilty and Plea Agreement because I am guilty of the crime to which I am entering my plea.

   g. I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

   h. My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

   i. My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

    j. If this case is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this Petition to Enter Plea of Guilty and Plea Agreement. I further understand that any delay resulting from the Court's consideration of this Petition to Enter Plea of Guilty and Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to Title 18, United States Code, Section 3161(h)(1)(G).

## Part 11: Certificate of Counsel

30. By signing this document, the defendant's attorney and counselor certifies as follows:

    a. I have read and fully explained to the defendant all the accusations against him which are set forth in the Indictment in this case;

    b. To the best of my knowledge and belief, each statement set forth in this Petition to Enter Plea of Guilty and Plea Agreement is in all respects accurate and true;

    c. The plea of "Guilty" as offered by the defendant in the foregoing Petition to Enter Plea of Guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

    d. In my opinion, the defendant's waiver of all reading of the Petition to Enter Plea of Guilty and Plea Agreement in open Court, and in all further proceedings, including arraignment as provided in Federal Rule of Criminal Procedure 10, is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

    e. In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing Petition to Enter Plea of Guilty and Plea Agreement is voluntarily and understandingly

made, and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested herein.

## Part 12: Final Provision

31. **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana, and it is binding only on the parties to the Plea Agreement. It supersedes any and all prior understandings, whether written or oral, and it cannot be modified except on the record in open court or in a writing signed by all parties and filed with the Court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

9/10/18
Date

Lindsay Karwoski
Assistant United States Attorney

9/11/18
Date

Barry D. Glickman
Chief, Drug & Violent Crime Unit

09/06/18
Date

Antwan Thomas
Defendant

9/7/18
Date

Joseph M. Cleary
Counsel for Defendant