UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00217-JMS-TAB |
| | ) | No. 1:18-cr-00150-JMS-TAB |
| ANTWAN THOMAS (01), | ) | |
| | ) | |
| Defendant. | ) | |

### **ENTRY FOR JUNE 10, 2022**

On this date, Defendant Antwan Thomas (01) appeared in person and by counsel, Kathryn Dinardo, for combined revocation hearing on violation of conditions of supervised release (1:18-cr-00150) and a change of plea and sentencing hearing (1:21-cr-00217). The Government appeared by counsel, Patrick Gibson. James Thomas and Stephanie Hood appeared on behalf of the United States Probation Office. The hearing was recorded by Court Reporter, Jean Knepley.

The Court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583. The Court advised Mr. Antwan Thomas of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The Court asked Mr. Antwan Thomas questions to ensure that he had the ability to understand the proceedings and his rights. A copy of the Petition was provided to Mr. Antwan Thomas and his counsel, who informed the Court they had reviewed the Petition and that Mr. Antwan Thomas understood the violations alleged. Mr. Antwan Thomas was advised of the rights he would have at a preliminary hearing. Mr. Antwan Thomas stated that he wished to waive his right to a preliminary hearing. Mr. Antwan Thomas, by counsel, stipulated that he committed Violation 2 of Supervision. Based on the admission, the Court found that Mr. Antwan Thomas violated the

condition of supervision. The parties reached a partial agreement as to the disposition of the violation. The Court found that Mr. Antwan Thomas committed Violation Number 2 as alleged by the U.S. Probation Office in its *Petition for Warrant or Summons for Offender under Supervision* dkt [60]. The Government moved to dismiss Violations 1 and 3. The Court dismissed Violation Numbers 1 and 3 at dkt [60].

As to the change of plea, after placing the Defendant under oath, the Court asked the Defendant whether he understood the rights that he would relinquish if the Court accepted the his plea of guilty to Count 1 of the Indictment [20] and the Defendant responded affirmatively. Evidence of a factual basis for the plea was accepted of record. The Court also conducted additional inquiry of the Defendant, and as a result of the information and testimony provided at the hearing the Court was satisfied that:

- the Defendant was fully competent and able to enter an informed plea,
- the Defendant's plea was being made knowingly and voluntarily,
- the plea was supported by an independent basis in fact containing each of the essential elements of the offense charged.

The Court accepted the Plea of Guilty after conducting the requisite hearing under Federal Rules of Criminal Procedure 11(b). The Court adjudged the Defendant guilty.

A copy of the Presentence Report was given to the defendant by Probation for his use and reference during the sentencing hearing, pursuant to Crim. R. Proc 32(e)(2). The defendant waived the minimum 35-day period referenced in Rule 32(e)(2), and the Court accepted the defendant's waiver. The parties were heard with respect to the sentence and application of the Sentencing Guidelines.

Pursuant to the Sentencing Reform Act of 1984, Sentence was imposed as stated on the record, including:

- <u>Special Assessment:</u> $100.00
- <u>Incarceration:</u> 37 months (1:21-cr-00217) to be served consecutive to 1:18-cr-00150 sentence of 12 months and 1 day. The Court recommends placement at the Terre Haute Camp. The Court further recommends participation in programs for vocational training for building trades, computer applications, diesel mechanic, training for CDL, builders trade office manager, anger management training, substance abuse including RDAP, the Challenge Program, and medical treatment for sleep apnea including a CPAP machine.
- <u>Supervised Release:</u> 3 years for 1:21-cr-00217 and none for 1:18-cr-00150
- <u>Fine:</u> $0.00 (waives interest)
- <u>Forfeiture:</u> a Glock 19X 9mm semiautomatic handgun, serial number BPNN915 and all ammunition and magazines

By reference to the PSR, and after the Defendant waived formal reading, the Court advised the Defendant that while he is on supervised release, he is to comply with the following conditions:

- You shall not commit another federal, state, or local crime.

- You shall cooperate with the collection of a DNA sample.

- You shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of placement on supervised release and two periodic tests thereafter, as directed by the probation officer.

- You shall report to the probation office in the federal judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

- You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

- You shall not knowingly leave the federal judicial district where you are being supervised without the permission of the supervising court or probation officer.

- You shall report to the probation officer in a manner and frequency directed by the court or probation officer

- You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

- You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

- You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in a criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer with 72 hours of the contact.

- You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

- You shall notify the probation officer within 72 hours of being arrested, charged or questioned by a law enforcement officer.

- You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

- You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

- As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

- You shall submit to the search by the probation officer of your person, vehicle, office/business, residence and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enable devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

- You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The Court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

- You shall not use or possess any controlled substance prohibited by applicable state or federal law unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions frequency and dosage.

- You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than eight drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

- You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

- You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines.

- You shall pay to the United States a special assessment of $100. Payment of the special assessment shall be due immediately and is to be made directly to the Clerk, U.S. District Court.

The defendant was remanded to the custody of the U.S. Marshal.

The proceedings were adjourned.

Date: 6/10/2022

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Kathryn Y. Dinardo
DINARDO LAW P.C.
kate@dinardolawoffice.com

Patrick Gibson
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
patrick.gibson@usdoj.gov